McINTYRE v. McINTYRE.

ESCROWS—PERFORMANCE OF CONDITION—DEATH OF GRANTOR—EF-
FECT.
    Where a deed was deposited in escrow, to be delivered when the
    grantee should deposit a mortgage on the land deeded, and
    the grantor died before the grantee performed the condition,
    the deed was void, and the grantee could not validate it by
    performance after the grantor's death.

Appeal from Lapeer; Smith, J. Submitted January
10, 1907. (Docket No. 18.) Decided March 5, 1907.

Bill by Edward L. Mc Intyre and others against Marion
M. McIntyre and others to set aside a deed and bill of
sale. From a decree dismissing the bill, complainants
appeal. Reversed, and decree entered for complain-
ants.

*Geer, Williams & Halpin*, for complainants.
*Stickney & Reed*, for defendants.

MONTGOMERY, J. The complainants and defendants,
including Rosaltha McIntyre (an incompetent) and
Elizabeth McIntyre (the widow), are the sole heirs of
John B. McIntyre, who died intestate October 25, 1903.
The bill was filed to set aside a deed of real estate, and a
bill of sale of personal property made October 10, 1903,
by John B. McIntyre, who died October 25, 1903, to his
son Marion McIntyre.
    The principal contention of the complainants is that the
deed and bill of sale are void, for the reason that there
was no legal delivery of the deed or bill of sale. It is al-
leged by defendants' answer, and claimed by their proofs,
that on October 10, 1903, A. B Markham, an attorney
from Mayville, went to John B. McIntyre's residence

and prepared the deed and bill of sale in question, which were deposited in Markham's hands, to be delivered to Marion McIntyre when he should have executed a mortgage on the land conveyed to secure the payment by him of an annuity of $175 to John B. McIntyre and his wife, Elizabeth McIntyre, during their lives, and the life of the survivor of them. It is claimed that Marion had orally agreed to give the mortgage and the contract for the annuity in consideration of the deed and bill of sale to him; but it is admitted he had signed no writing of any kind binding him to do so. After making the deposit of the deed and bill of sale with Markham, to be delivered when the security should be given by Marion, nothing further was done by any of the parties until after the death of John B. McIntyre. After the funeral, and on October 29th, Marion and his wife executed a mortgage on the home 160 acres running to Elizabeth McIntyre to secure an annuity contract to her, and the deed and bill of sale were then delivered by Markham to Marion. Complainants contend that these facts do not show such a delivery as would give validity to the deed and bill of sale. It is also claimed that John B. McIntyre was on October 10, 1903, mentally incompetent, but we need not discuss this question. The decision may be kept within narrow limits.

The general rule is that a deed delivered to a third person to be by him delivered to the grantee upon the happening of some event in the future, which may or may not happen, does not pass the title to the land until such event occurs, and then only from that time. *Campbell* v. *Thomas,* 42 Wis. 437; *Taft* v. *Taft,* 59 Mich. 185. If, as contended, there may be exceptional cases in which, upon the intervening death of the grantor, the deed may, on the subsequent happening of the event named as a condition, take effect by relation as of the date of its first delivery, this doctrine of relation cannot be applied in a case where the death of the grantor renders the performance of the condition impossible. *Taft* v. *Taft,* 59

.Mich. 194, 196. In this case the deed and bill of sale could not take effect until a mortgage conditioned for the payment of an annuity to the grantor should be executed. This was as important as the condition to support the grantor's wife. When John B. McIntyre died it became impossible to perfect the incomplete agreement. To apply the doctrine of relation to such a case would result in a manifest inequity.

The case presented is clearly one of a failure to complete the contract by reason of the death of one of the parties to it, whose support during life constituted in part the consideration upon which the binding contract was to rest. The decree is reversed, and a decree in accordance with the prayer of the bill will be entered, with costs of both courts.

McAʟᴠᴀʏ, C. J., and Gʀᴀɴᴛ, Bʟᴀɪʀ, and Oꜱᴛʀᴀɴᴅᴇʀ, JJ., concurred.