FELT *v.* FELT.

1. DEEDS—SETTING ASIDE—UNDUE INFLUENCE—FRAUD—INCOMPETENCY—CONSIDERATION.

On a bill to set aside a deed on the grounds of undue influence, fraud, incompetency, and failure of consideration, evidence examined, and *held,* not to sustain the allegations of the bill.

2. SAME—DELIVERY—INTENT OF PARTIES—HOW DETERMINED.

Whether title passes upon delivery of a deed to a third party is to be determined from the intent of the parties at the time of such delivery; and when, at the time of the execution of the deed, the parties entered into an agreement in writing plainly showing that they erroneously supposed that the grantor could retain the control of the deed and that title would pass upon its delivery after the grantor's death, the deed was void for want of delivery.

3. SAME—PARTITION—EQUITY—SPECIFIC PERFORMANCE.

Where, on a bill for the partition of real estate, the evidence is conclusive that defendant is entitled to a decree for the specific performance of a contract to convey, which had failed for want of delivery of a deed, the bill will be dismissed upon the ground that complainant has no equitable title, leaving defendant to take such proceedings to perfect his title as may be open to him.

Appeal from Wayne; Donovan, J.   Submitted November 13, 1908.   (Docket No. 154.)   Decided December 21, 1908.

Bill by William E. Felt against Zara L. Felt and Lizzie Felt to set aside a deed on the ground of fraud, and for a partition of certain real estate.   From a decree for complainant, defendants appeal.   Reversed, and bill dismissed.

*Samuel W. Burroughs*, for complainant.

*James H. Pound*, for defendants.

Noah Felt, an old man, executed a deed to Zara L. Felt, his son, of 60 acres of land; the consideration stated therein being "one dollar and other good and sufficient considerations to him in hand paid." This deed was an ordinary warranty deed, signed and witnessed, dated September 19, 1905, and acknowledged on September 21, 1905. It was recorded January 9, 1906. It covers the land in controversy in this cause, consisting of two parcels, one of 50 and the other of 10 acres. Noah Felt made another warranty deed of two parcels, one of 50 acres and one of 40 acres of land. This deed was dated on September 21, 1905, and on the same day was acknowledged before the same notary, and was witnessed by the same witnesses, who, respectively, took the acknowledgment and witnessed the former deed mentioned. It stated the sum of "$3,600 to him in hand paid" as the consideration and was recorded September 22, 1905. Zara L. Felt and other witnesses testified that he made an agreement with Noah Felt, his father, with reference to buying this property; that he paid his father $3,600 in cash for the property described in the two deeds and promised to support him during life; that he would not have made this purchase of the parcels described in the last-mentioned deed had he not been able to purchase the property described in the other deed; that the agreement was that he was at first to

give his father $3,600 for all of this land, and to give him a life lease back upon the 60 acres described in the first deed hereinbefore mentioned. Upon consulting counsel, his father preferred to omit the life lease, but to have said deed of the 60 acres deposited with the right to reclaim it in case Zara L. Felt should refuse to take care of him; thereupon the consideration, $3,600, which was then stated in the deed, was erased therefrom, and that hereinbefore stated was written. Thereupon the following writing was executed by the parties:

"Whereas, Noah Felt and Zara L. Felt have entered into a certain agreement in regard to the deeding to said Zara L. Felt certain real estate to take effect after the death of said Noah Felt, said real estate being the same as is described in a certain deed recorded in the register's office, Wayne county, Michigan, March 2d, 1901, in liber 548 of deeds, on page 531. Said parties hereby agreed in case said Zara L. Felt shall build or make other improvements on said real estate, or expend money or labor or furnish board for said Noah Felt in consideration of said deed, said Noah Felt shall repay said Zara L. Felt for said buildings or improvements on said real estate or for money furnished or board or labor, in case said Noah Felt shall take from the possession of the Wayne Savings Bank said deed. That being the place where said deed is to be deposited.

"NOAH FELT.
"Z. L. FELT.

"September 21st, 1905."

The deed mentioned second was delivered to Zara and recorded. The other deed was put in an envelope and delivered to the Wayne Savings Bank as a depository. The envelope was indorsed as follows:

"At the death of Noah Felt to be delivered to Zara L. Felt. Provided, during the life of Noah Felt, said Noah Felt is to have possession of within at his request any time."

The agreement above set forth was delivered to Zara, who thenceforth provided for his father as he had agreed to do. He was corroborated in this testimony by other

witnesses, and we have no doubt that it is a truthful statement of the arrangement then made.   Noah Felt died on or about December 1, 1905, and the envelope and deed were afterwards delivered to Zara, who called at the bank for them.   This suit was brought by a younger brother against Zara L. Felt and his wife, who reside upon said 60 acres, alleging that the deed was obtained by undue influence, and that, when executed by Noah Felt, he was incompetent, and that the deed was therefore fraudulent. The bill prays that the deed be set aside and declared void, as against the rights of complainant, as heir of Noah Felt, to an undivided half of the premises, and as a cloud upon his rights of ownership, control, and possession of an undivided half thereof, and that it be decreed that said deed be delivered up and canceled.   It also prayed for partition by division or upon sale under the order of the court after determination of the respective rights of the parties.   The cause was heard upon pleadings and proofs taken in open court, and the learned circuit judge held that the deed to said 60 acres was void.   He decreed that this deed was void; that there was no sufficient delivery; that there was not a sufficient consideration, and was inequitable and should be set aside; that the complainant is entitled to his full share in one-half of the farm value before the improvements made by defendant Zara L. Felt, amounting to $1,500, which sum with costs should be made a lien upon the 60-acre farm in favor of complainant to stand like a mortgage, said sums to be due and payable on or before four years from March 10, 1908, with interest at 5 per cent. payable annually.   The decree further provided that, in case of nonpayment of any part of the principal or interest as aforesaid, complainant or his legal representative or assigns might sell and deed the premises, etc., in accordance with provisions in said decree similar to those commonly found in a decree of foreclosure of a mortgage, which need not be set forth at length here.   Costs were afterwards taxed at $104.50. The defendants appealed.

HOOKER, J. (*after stating the facts*).    Our examination of the testimony has failed to convince us that this deed was obtained through fraud or undue influence, or that it was made by an incompetent person or without consideration.    A more important question, though one not raised in the bill, is whether the title passed under the deed.    This point was raised by the learned circuit judge upon the hearing, and he held that the delivery was not such as to vest the title in Zara L. Felt.

To determine this question, we must ascertain the intent of the parties.    If we can say that it was the design that the title should immediately pass to Zara by the delivery to the bank, the learned circuit judge was wrong in his conclusion; while, if it was the intention that the title should remain in Noah until his death, he was right in saying that the deed was testamentary in its character because subject to revocation under the rule of *Culy* v. *Upham*, 135 Mich. 131.    This intent must be determined from the contract, and it seems obvious from the provisions of the writing on the envelope and those of the agreement, when viewed in the light of the transaction, that Noah Felt attempted to retain the title so long as he lived, erroneously supposing that the deed could become effective to pass title by delivery after his death. We must hold therefore that the title vested in the two brothers, William and Zara L. Felt, upon the death of their father.

It does not follow that complainant's claim is a just one.    The testimony shows that defendant Zara L. Felt was put in possession under a contract by which he was to receive the title to this land, provided he should support the grantor during life.    He did this, and meantime he has put expensive improvements upon the land.    He should therefore be entitled to a specific performance which could be enforced on these proofs under the statute in a proper proceeding.    His counsel suggests something of the kind as a reason for holding this deed valid.    We

155 MICH.—16.

cannot well do that, nor can we decree specific performance on these pleadings, but we can refuse partition upon the ground that complainant has no equitable title, leaving defendant to take such proceedings to perfect his title as may be open to him.

The bill will be dismissed, with costs of both courts.

MONTGOMERY, OSTRANDER, MOORE, and McALVAY, JJ., concurred.