NOAKES *v.* NOAKES.

1. JUDGMENT—RES JUDICATA—PARTIES.
   Decree in chancery dismissing bill with prejudice in suit whereby plaintiff claimed title to realty because of quitclaim deed was *res judicata* as to defendants herein who were parties to prior suit but not as against other grantees who were not parties to prior suit where the instant and prior suits involved the same subject matter and issues, practically the same relief was sought, and prior case was decided on its merits.

2. SAME—PROBATE COURT ORDER ASSIGNING RESIDUE—RES JUDICATA.
   Unappealed probate court order assigning residue of estate ''consisting of personal property'' to heir to whom all personal property was left was *res judicata* as against devisees of realty as to house and lot in which testator had held vendor's interest under land contract, the vendees had surrendered to the executor by quitclaim deed, and vendor's interest had been listed on inventory as personalty, a status not questioned until after estate was closed (3 Comp. Laws 1929, § 13487).

3. ESTOPPEL—EVIDENCE—DELIVERY OF DEED.

Statement by one brother to another that third brother had deeded property to the other children would not alter third brother's right to attack deed because of failure to effect a valid delivery.

4. DEEDS—DELIVERY.

Delivery of a deed is essential to pass title; its whole object being to indicate the grantor's intent to give effect to the instrument.

5. SAME—DELIVERY TO A THIRD PERSON—INTENT.

It is a question of intent whether the delivery of a deed to a third person to be delivered later to the grantee is effective.

6. SAME—GRANTOR'S INTENT AN ESSENTIAL ELEMENT OF DELIVERY.

The intent of the grantor to convey an interest is an essential element of an effective delivery.

7. SAME—DELIVERY—BURDEN OF PROOF.

The burden of proving delivery of a deed is upon the parties claiming under it.

8. SAME—DELIVERY DEPENDENT UPON UNCERTAIN EVENT—PASSAGE OF TITLE.

Generally a deed delivered to a third person to be by him delivered to the grantee upon the happening of some event in the future, which may or may not happen, does not pass the title to the land until such event occurs and then only from that time.

9. SAME—DELIVERY IN ESCROW—PERFORMANCE OF CONDITION.

A deed delivered to a third person in escrow, to be delivered to the grantee only on condition of the latter's paying a sum of money or performing some other obligation, is of no force until such condition is fulfilled.

10. SAME—DELIVERY UPON CONDITION.

Delivery of quitclaim deed *held*, not effected where deed was given by grantor to an attorney for use in settlement of an estate in case a dispute arose and no dispute did arise.

11. SAME—CONSIDERATION—DELIVERY UPON CONDITION.

Claim that consideration for quitclaim deed from one heir to other heirs in estate was the forbearance to contest the distribution of property under a will *held*, not sustained where it is not shown grantor so understood it and gave deed to an attorney for use in settlement of an estate in case a dispute arose between the heirs.

12. COSTS—BRIEFS.
    No costs are allowed on appeal to defendants who filed no briefs
       in Supreme Court.

Appeal from Wayne; Callendar (Sherman D.), J. Submitted June 15, 1939. (Docket No. 94, Calendar No. 40,432.) Decided September 5, 1939. Rehearing denied November 9, 1939.

Bill by Edmund Noakes against Joseph Austin Noakes, Thomas Henry Noakes, William Noakes, Frederick Noakes, Emily Noakes Gallard, and Florence Noakes Evans to be declared the part owner of a parcel of real estate and for other relief. From decree for plaintiff, defendants Joseph Austin Noakes and Thomas Henry Noakes appeal. Reversed.

*Edward E. Trotman,* for plaintiff and defendants William Noakes, Frederick Noakes, Emily Noakes Gallard, and Florence Noakes Evans.

*C. W. Videan,* for defendants Joseph Austin Noakes and Thomas Henry Noakes.

POTTER, J. January 12, 1931, Edmund J. Noakes died, testate, leaving plaintiff and defendants, his children, surviving. Petition for probate of his will was filed in the probate court for Wayne county, Michigan, the will admitted to probate, and Thomas Henry Noakes, executor named in the will, appointed and qualified. The executor retained John A. Boyce as his attorney.

By the terms of the will, all personalty was bequeathed to Joseph Austin Noakes, defendant herein, youngest son of the testator, and all realty was devised in six equal shares to the other parties to this case. Joseph was and is a resident of the State of California and is unable to read and write.

Part of the property listed as personalty in the inventory consisted of the vendor's interest under a land contract for the sale of a small, frame dwelling house in the city of Detroit. Fay Shagena and Mary Shagena were the vendees. Appellees contend in their brief this property was sold on land contract after the testator executed his will and that it, therefore, passed under the will as real estate, 3 Comp. Laws 1929, § 13487 (Stat. Ann. § 26.1081). Appellants contend the vendor's interest in such real estate was personal property and passed as such, *Bowen* v. *Lansing,* 129 Mich. 117 (57 L. R. A. 643, 95 Am. St. Rep. 427); *Detroit Trust Co.* v. *Baker,* 230 Mich. 551; *Detroit & Security Trust Co.* v. *Kramer,* 247 Mich. 468. The contract for the sale of this property does not appear in the record, nor does the record show when this property was sold on land contract. The probate court inventoried the vendor's interest therein as personal property. No objection was taken thereto. During the pendency of the probate proceedings, the land contract was surrendered by the vendees. The estate was administered and this vendor's interest assigned by the probate court as personalty. Appellants contend this was a construction of the will and that it is now too late to raise the question that it was real estate.

The vendees surrendered their interest in the property to the executor, August 3, 1931, during the administration of the estate, the surrender being evidenced by quitclaim deed. It was suggested to Joseph by the executor and his attorney that he execute a quitclaim deed of the property to be used by them to settle "trouble" or litigation concerning the estate. Joseph executed such a deed, dated February 20, 1931, acknowledged May 9, 1932, covering the property, naming his brothers and sisters as grantees. This deed was later corrected by the ex-

ecution of a new deed in which Joseph's wife joined. The deed was held by the attorney until the fall of 1932 when he turned it over to the executor.

The probate files disclose no appearance on behalf of the heirs in opposition to the will, no contest thereof, no appearance and objections to the inventory filed or in opposition to the final account of the executor and no objections to the allowance thereof. June 23, 1932, the final account was allowed, the residue consisting of personal property assigned to Joseph, and the estate closed. No appeal was taken from the order of assignment.

In the fall of 1932, Joseph visited Detroit and the executor returned to him various papers, including the quitclaim deed which Joseph had executed and mailed to Mr. Boyce, the attorney.

May 3, 1935, plaintiff filed a bill of complaint against defendant Thomas Henry Noakes in the Wayne circuit court (chancery cause No. 267,295) claiming title to the property and praying the quitclaim deed be required to be recorded. A decree was entered dismissing the bill *with prejudice.*

November 30, 1937, plaintiff filed the bill of complaint herein claiming the quitclaim deed executed by Joseph and his wife to his brothers and sisters was for a valuable consideration and was not only executed, but delivered, and that thereby plaintiff became vested with an equal, undivided one-sixth interest in the property.

Defendants contend:

(1) That the deed, although executed, was never legally delivered;

(2) That the order of assignment entered in the probate court June 23, 1932, is *res judicata* of the cause of action here alleged;

(3) That the decree entered by Hon. Clyde I. Webster, October 30, 1937, is *res judicata* at least as

to defendant Thomas Henry Noakes of the cause of action here alleged;

(4) That the deed was without consideration and, therefore, void;

(5) That no agreement to convey was alleged or proven, particularly no agreement sufficient to be valid under the statute of frauds;

(6) That the execution by Joseph and his wife of the quitclaim deed and the delivery thereof to Mr. Boyce, the attorney, upon condition, in the absence of clearly defined and fully expressed written authority to him to deliver, and in the absence of the happening of a fully expressed and clearly defined condition, created no estate or interest in defendants.

These defenses were raised in the trial court but it held the quitclaim deed which Joseph signed was for a valuable consideration and legally delivered; that the deceased, by his will, did not intend to vest in Joseph the title to the parcel herein involved, and ordered the deed to be recorded; and charged appellants with the rental value of the property from the date of the deed.

(a) The decree entered in the Wayne circuit court (chancery cause No. 267,295) is *res judicata* of the cause of action here alleged insofar as Thomas Henry Noakes is concerned. The case involved the same subject matter and issues, practically the same relief was sought, and it was decided on its merits. *Tucker* v. *Rohrback*, 13 Mich. 73; *Cohen* v. *Home Life Ins. Co.*, 273 Mich. 469; *McDannel* v. *Black*, 270 Mich. 305. Moreover, the decree dismissing the suit specified that it was entered *with prejudice*. The other defendants not having been parties to such suit, it cannot be *res judicata* as to them. *Besancon* v. *Brownson*, 39 Mich. 388.

(b) The order of assignment entered in Wayne probate court cause No. 167,557 is *res judicata* of this cause. It provided:

"It is further ordered that the residue of said estate, *consisting of personal property,* be and the same is hereby assigned to Joseph Austin Noakes, son of said deceased and the sole residuary legatee in accordance with the provisions of the said will."

Plaintiff admits that an order of the probate court unappealed from is *res judicata* (see *Calhoun* v. *Cracknell,* 202 Mich. 430; *Heap* v. *Heap,* 258 Mich. 250; *MacKenzie* v. *Union Guardian Trust Co.,* 262 Mich. 563), but claims the above-quoted order does not cover the real estate which is the subject matter of this suit. The order covers such real estate, in view of the facts: (1) the real estate here in question was not otherwise provided for by the order; (2) this part of the order refers to "the residue" of the estate, which would necessarily include the property in question; (3) such property must have been considered personalty by the court in view of the words "consisting of personal property." Whether or not the probate court was right in its classification of the property here as personalty is not before us, there having been no appeal from this decision and order. Joseph and his wife received title to the property through the probate proceedings and unless the deed signed by them operated to pass title, plaintiff is not entitled to relief.

The first deed (signed by Joseph alone) was executed prior to final settlement of the estate. The question is whether it was intended actually to pass title as part of a compromise settlement or was merely given to the attorney for his use in settling a dispute in the event a settlement became necessary; namely, a deed to take effect *only* upon the happening of a future event.

Thomas Henry Noakes, who secured the execution of the deed, testified as follows:

"I told Joseph that Mr. Boyce [Thomas's attorney] had advised that if he would sign a deed to be used if there was trouble connected with the property, that he advised Joe to make out a deed, or sign a deed and return to him in the event that there was litigation, or something to that effect."

And again:

"As far as I remember, Mr. Boyce said that there might be a possible suit or something to that effect, concerning the will, and that if he had a deed from Joseph that he could use if necessary, why he thought that would be the logical thing to do. That is the way I understood it, your Honor."

A letter to Thomas Henry Noakes from John A. Boyce, his attorney, contained the following statement:

"But in order to close the account I suggest that this deed be executed and returned to me on condition that it be delivered if it is agreeable with the heirs to accept it, or to those willing to accept it; and if no one cares to accept it that later it be returned to your brother."

The testimony of Thomas Henry Noakes above quoted does not indicate the matter was explained to Joseph in that way, nor is there anything in the record so to indicate. It is true that Thomas wrote a letter to brother William in England, after returning from California, to the effect that Joseph had deeded the house to the other children, and that Joseph had made an offer to buy the house back. But such statements by Thomas could not alter Joseph's rights.

Joseph's own testimony, taken by deposition in California, was:

"A deed was executed by which Edmund Noakes would have received an interest but on the understanding that the deed be returned to me if the heirs refused to repair the property and pay up back taxes and bonds which were owing on the property. This they refused to do and the deed was returned to me."

In reply to cross interrogatories, he said:

"4. Do you now deny that you executed a quitclaim deed conveying title to the house at 17131 Vaughan avenue, to the heirs named in your father's will?

"*A.* No, but the deed was not used as the heirs did not comply with our agreement in regard to the property."

It appears the deed was conditioned upon the performance of certain additional acts by the grantees, none of which was done. Delivery of a deed is essential to pass title; its whole object is to indicate the grantor's intent to give effect to the instrument. *Thatcher* v. *St. Andrew's Church,* 37 Mich. 264; *Pollock* v. *McCarty,* 198 Mich. 66; *Brown* v. *Keiser,* 182 Mich. 432; *Belding Savings Bank* v. *Moore,* 118 Mich. 150; *Meade* v. *Robinson,* 234 Mich. 322; *Stevens* v. *Burgess,* 263 Mich. 98; *Gibson* v. *Dymon,* 281 Mich. 137; *Hynes* v. *Halstead,* 282 Mich. 627. It is a question of intent whether the delivery of a deed to a third person to be delivered later to the grantee is effective. *Burk* v. *Sproat,* 96 Mich. 404; *Jenkinson* v. *Brooks,* 119 Mich. 108; *Pollock* v. *McCarty, supra.*

"The intent of the grantor to convey an interest is an essential element of an effective delivery." *Wilcox* v. *Wilcox,* 283 Mich. 313.

The burden of proving delivery of a deed is upon the parties claiming under it. *Camp* v. *Guaranty Trust Co.,* 262 Mich. 223; *Tighe* v. *Davis,* 283 Mich. 244.

"The general rule is that a deed delivered to a third person to be by him delivered to the grantee upon the happening of some event in the future, which may or may not happen, does not pass the title to the land until such event occurs, and then only from that time. *Campbell* v. *Thomas,* 42 Wis. 437 (24 Am. Rep. 427); *Taft* v. *Taft,* 59 Mich. 185 (60 Am. Rep. 291)." *McIntyre* v. *McIntyre,* 147 Mich. 365.

See, also, *Frankiewicz* v. *Konwinski,* 246 Mich. 473.

In *Chick* v. *Sisson,* 95 Mich. 412, this court said:

"If the circumstances be such as to indicate a conditional, rather than an absolute, delivery, then no title passes until the condition be fulfilled. The character of the delivery must be determined by the acts or words of the parties, or both. *Thatcher* v. *St. Andrew's Church,* 37 Mich. 264; *Stevens* v. *Castel,* 63 Mich. 111; *Schuffert* v. *Grote,* 88 Mich. 650 (26 Am. St. Rep. 316)."

"A deed delivered to a third person in escrow, to be delivered to the grantee only on condition of the latter's paying a sum of money or performing some other obligation, is of no force until such condition is fulfilled." *Muirhead* v. *McCullough,* 234 Mich. 52.

If we accept plaintiff's interpretation of the relationship between Joseph, the grantor, and Attorney Boyce, the claimed escrow agent, there is nothing to prevent return of the deed to the grantor upon failure of the conditions stipulated. It is apparent from the testimony there was such a failure.

It is claimed the consideration for the deed was the forbearance to contest the distribution of prop-

erty under the will. The real property was worth approximately $2,500, whereas the total value of the remainder of the estate was only $1,156.12. There is no showing that Joseph so understood the transaction. On the contrary, he appears to have intrusted the deed to Attorney Boyce to be used only if it became necessary in order to settle the estate, Joseph relying upon Boyce to protect his interests and not deliver the deed unless the matter could be settled in no other way.

There was no delivery of the deed in question, nor was there any apparent consideration therefor. Plaintiff is not entitled to the relief sought.

The decision of the trial court is reversed, with costs to defendants Thomas Henry Noakes and Joseph Noakes. No costs of this court to the other defendants as they filed no briefs.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.