ELTEL ASSOCIATES, LLC v CITY OF PONTIAC

Docket No. 274931. Submitted February 6, 2008, at Detroit. Decided February 14, 2008. Approved for publication April 17, 2008, at 9:00 a.m.

> Eltel Associates, LLC, petitioned the Tax Tribunal for a refund of 2002 property taxes paid to the city of Pontiac, alleging a mutual mistake of fact concerning whether the properties were taxable on December 31, 2001. The taxes had been assessed for three parcels of realty conveyed by the state of Michigan to the Pontiac Tax Increment Finance Authority (PTIFA), which then had conveyed them to the plaintiff. The deeds for all conveyances had been dated December 12, 2001. However, the deeds from the PTIFA to the petitioner had been placed in escrow until the PTIFA satisfied a condition precedent for delivery of the deeds on January 24, 2002. The respondent moved for summary disposition, contending that the case did not involve a mutual mistake of fact under MCL 211.53a, which allows a taxpayer to recover taxes paid because of a mutual mistake of fact by the taxpayer and the tax assessor, and that title had transferred to the petitioner on December 12, 2001, before the December 31, 2001, "tax day." The tribunal denied the respondent's motion and, on its own motion, granted summary disposition in favor of the petitioner. The respondent appealed.
>
> The Court of Appeals *held*:
>
> The Tax Tribunal properly granted summary disposition for the petitioner. Transfer of title to the petitioner did not occur until January 24, 2002. The parties mistakenly believed that the petitioner owned the properties in 2001, making them subject to taxation in 2002. The petitioner did not own the properties in 2001, and they were exempt from taxation in 2002.
>
> Affirmed.

1. DEEDS — DELIVERY — THIRD PARTIES.

> A deed delivered to a third person to be delivered by that person to the grantee upon the happening of some event in the future generally does not pass title to the land until the event occurs.

2. TAXATION — PROPERTY TAXES — TAX PAYMENTS — MUTUAL MISTAKES OF FACT.

> "Mutual mistake of fact," as used in a provision of the General Property Tax Act that allows a taxpayer to recover taxes paid because of a mutual mistake of fact between the taxpayer and the tax assessor, means an erroneous belief, which is shared and relied on by both parties, about a material fact that affects the substance of the transaction (MCL 211.53a).

*Honigman Miller Schwartz and Cohn LLP* (by *Mark A. Burstein* and *Jason S. Conti*) for the petitioner.

*Bigler, Berry, Johnston, Sztykiel & Hunt, P.C.* (by *Eric S. Goldstein* and *Mary Jo Boerman*), for the respondent.

Before: GLEICHER, P.J., and O'CONNELL and KELLY, JJ.

PER CURIAM. Respondent appeals as of right from a Tax Tribunal decision denying its motion for summary disposition under MCR 2.116(C)(10) and granting summary disposition in favor of petitioner pursuant to MCR 2.116(I)(2) on petitioner's claim for a refund of the 2002 property taxes that petitioner paid for three parcels of property located in the city of Pontiac. We affirm.

Pursuant to a series of quitclaim deeds, the state of Michigan conveyed the three parcels to the Pontiac Tax Increment Finance Authority (PTIFA), which in turn conveyed them to petitioner. Although the deeds were all dated December 12, 2001, petitioner explained, without contradiction, that closing occurred on that date only because the PTIFA's option to purchase the property expired at the end of the month. Nevertheless, the transaction could not fully be completed on that date because the PTIFA had not yet obtained bonds for infrastructure improvements. The bonds were required by petitioner's financier. Because the bonds had not yet issued, the deeds were placed in escrow until the PTIFA

satisfied these conditions precedent for their delivery, which did not occur until January 24, 2002.

It is undisputed that the parcels were exempt from taxation when they were owned by the state, that the parcels became taxable after their transfer to petitioner, and that petitioner paid the 2002 property taxes in the amount of $271,266.93. In March 2004, petitioner filed a petition requesting a refund of the 2002 property taxes pursuant to MCL 211.53a, based on a mutual mistake of fact. Petitioner alleged that it did not obtain title to the properties until January 24, 2002, the date the deeds were released from escrow, so the properties were still exempt from taxation on December 31, 2001, the "tax day" for the 2002 tax year. Accordingly, petitioner maintained that the properties were not subject to taxation for the 2002 tax year and that it was entitled to relief under MCL 211.53a.

Respondent filed a motion for summary disposition alleging that the case did not involve a mutual mistake of fact within the meaning of MCL 211.53a and, in any event, title to the properties transferred to petitioner on December 12, 2002. The tribunal determined that, under Michigan law, petitioner did not acquire title to the properties until January 24, 2002, when the deeds were released from escrow. It then concluded that there was a mutual mistake of fact with regard to when the property changed hands, so it denied respondent's motion for summary disposition and granted summary disposition in favor of petitioner pursuant to MCR 2.116(I)(2). This appeal followed.

"Absent fraud, this Court's review of the Tax Tribunal's decision is limited to determining whether the tribunal erred in applying the law or in adopting a wrong legal principle." *Michigan Bell Telephone Co v Dep't of Treasury*, 229 Mich App 200, 206; 581 NW2d 770 (1998).

> Any taxpayer who is assessed and pays taxes in excess of the correct and lawful amount due because of a clerical error or mutual mistake of fact made by the assessing officer and the taxpayer may recover the excess so paid, without interest, if suit is commenced within 3 years from the date of payment, notwithstanding that the payment was not made under protest. [MCL 211.53a.]

On appeal, the parties continue to dispute whether title to the properties transferred to petitioner on December 12, 2001, or January 24, 2002. However, it was undisputed that the deeds were placed in a conditional escrow until January, and the law supports the tribunal's factual determination that title to the property was not transferred until the escrow conditions were met, in accordance with the intent of the properties' grantors. " 'The general rule is that a deed delivered to a third person to be by him delivered to the grantee upon the happening of some event in the future, which may or may not happen, does not pass the title to the land until such event occurs, and then only from that time.' " *Noakes v Noakes*, 290 Mich 231, 240; 287 NW 445 (1939), quoting *McIntyre v McIntyre*, 147 Mich 365, 366; 110 NW 960 (1907). Although ultimately settled by this rudimentary principle of law, the tribunal's determination of the moment when title passed was a factual determination made on the basis of the undisputed facts presented to the tribunal by the parties. Respondent fails to persuade us that the tribunal misapplied the law to the uncontested facts.

However, respondent also argues that the legal nature of the "mistake" claimed by petitioner precludes any refund of the paid taxes, because MCL 211.53a does not allow relief for a mistake of law, only a mistake of fact. See *Noll Equip Co v Detroit*, 49 Mich App 37, 42-43; 211 NW2d 257 (1973). We disagree, however, with respondent's categorization of the issue as a mis-

take of law. The phrase "mutual mistake of fact," as used in MCL 211.53a, means "an erroneous belief, which is shared and relied on by both parties, about a material fact that affects the substance of the transaction." *Ford Motor Co v City of Woodhaven*, 475 Mich 425, 442; 716 NW2d 247 (2006). In this case, the assessor mistook the date on the deeds as the date of the parcels' transfer of ownership, and petitioner was misdirected by this mistake and plenarily adopted it as its own when it paid the taxes as though it had owned the property since the December closing. Petitioner's misunderstanding of the taxable nature of the property, generally, and its initial failure to consider other facts that might alert it to its mistake, such as the time the deeds spent in escrow, were factual oversights similar to the ones described in *Ford Motor Co, supra* at 443. The fact is that the state, not petitioner, owned the land until January, so it was exempt.

The nature of this factual issue is not transformed by petitioner's initial understanding of its ownership anymore than it would be by a misperception about the nature of the state's exemption after the December closing. See *Carpenter v Detroit Forging Co*, 191 Mich 45, 53; 157 NW 374 (1916). The factual mistake concerned the identity of the parcels' owner on December 31, 2001, not any legal nitpicking that arose afterward. *Id.* Simply put, the date on which title transferred to petitioner was purely a factual issue until respondent clouded it with a technical legal challenge to the particulars of this transfer. If an assessor mistakenly places an exempt property on the rolls because the deed's scrivener absent-mindedly misdated it as delivered the previous year and a taxpayer remits payment because it carelessly mistakes the same date as accurate, then the issue would be a factual one: When did the taxpayer actually obtain the property? This factual issue could

not be retroactively transformed by claiming that laws involving written instruments, statutes against the back-dating of documents, or a latent violation of the rules against perpetuities, all raise legal questions that, had the assessor or landowner ever considered them, would have affected their legal confidence in the factual issue of ownership.

Likewise, it does not serve any legitimate purpose to probe every passing thought of a billed taxpayer to explore whether any point of misplaced confidence in a bill's factual accuracy carries with it some underlying notion of legal rights and obligations. *Id.*; see also *Ford Motor Co, supra.* Petitioner demonstrated that the parties mistakenly believed that petitioner owned the properties in 2001, making them subject to taxation in 2002. Petitioner did not own the properties in 2001, and they were exempt from taxation in 2002. Although respondent's legal challenge demonstrates its continued refusal to acknowledge its mistake, its obstinacy does not make the mistake one of law.

Affirmed.