*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROSS EDUCATION, LLC,

      Petitioner-Appellant,

v

CITY OF TAYLOR,

      Respondent-Appellee.

UNPUBLISHED
August 13, 2019

No. 344516
Tax Tribunal
LC No. 17-003423-TT

Before: CAVANAGH, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Petitioner appeals as of right the Tax Tribunal's order denying its motion for summary disposition and granting summary disposition to respondent. Petitioner also appeals the Tax Tribunal's order denying its motion for reconsideration. We affirm.

## I. BACKGROUND

Petitioner is a for-profit postsecondary educational institution that offers educational programs such as medical-assistant and medical-insurance-billing training. It is undisputed that in tax years 2014-2016, petitioner reported and paid taxes on its personal property. In 2017, our Supreme Court decided *SBC Health Midwest, Inc v City of Kentwood*, 500 Mich 65; 894 NW2d 535 (2017). That case held that MCL 211.9(1)(a)—which exempts educational institutions from paying taxes on their personal property—applied to for-profit educational institutions, like petitioner. See *SBC Health*, 500 Mich at 67-68.

Following *SBC Health*, petitioner filed a petition with the Tax Tribunal alleging that it overpaid its property taxes for tax years 2014-2016, and that it was entitled to a refund under MCL 211.53a because the overpayment was based on a mutual mistake of fact.[1] According to

---

[1] MCL 211.53a provides:

-1-

petitioner, it mistakenly reported personal property that was exempt under MCL 211.9(1)(a) in its personal property statements, which resulted in an overstatement of the amount of its taxable property. Respondent then relied on petitioner's reported taxable property, thereby over-assessing petitioner. Petitioner contended that by erroneously reporting its personal property, it made a mistake of fact, and that by relying on petitioner's erroneously reported property, respondent made the mistake of fact mutual.

Both parties eventually filed competing motions for summary disposition, and the Tax Tribunal granted summary disposition to respondent. The tribunal concluded that "the undisputed facts showed that, rather than a mutual mistake of fact, there was a mistake of law and that a mistake of fact in this case could not have been mutual." The tribunal reasoned that the mistake was one of law because petitioner "did not understand its [property's] legal status." The tribunal further reasoned that this mistake could not have been mutual because, before *SBC Health*, respondent consistently argued that for-profit institutions were not entitled to the exemption in MCL 211.9(1)(a), so respondent would not have believed that petitioner's personal property was exempt under that statute during the 2014-2016 tax years (i.e., before *SBC Health* was decided).

On appeal, petitioner continues to argue that it is entitled to a refund under MCL 211.53a because it overpaid its taxes in 2014-2016 based on a mutual mistake of fact. We disagree.

## II. STANDARD OF REVIEW

As explained by our Supreme Court in *Briggs Tax Service, LLC v Detroit Public Schools*, 485 Mich 69, 75; 780 NW2d 753 (2010):

> The standard of review of Tax Tribunal cases is multifaceted. If fraud is not claimed, this Court reviews the Tax Tribunal's decision for misapplication of the law or adoption of a wrong principle. We deem the Tax Tribunal's factual findings conclusive if they are supported by "competent, material, and substantial evidence on the whole record." But when statutory interpretation is involved, this Court reviews the Tax Tribunal's decision de novo. We also review de novo the grant or denial of a motion for summary disposition. [Citation omitted.]

## III. ANALYSIS

Under MCL 211.53a,

---

Any taxpayer who is assessed and pays taxes in excess of the correct and lawful amount due because of a clerical error or mutual mistake of fact made by the assessing officer and the taxpayer may recover the excess so paid, without interest, if suit is commenced within 3 years from the date of payment, notwithstanding that the payment was not made under protest.

-2-

Any taxpayer who is assessed and pays taxes in excess of the correct and lawful amount due because of a clerical error or *mutual mistake of fact made by the assessing officer and the taxpayer* may recover the excess so paid, without interest, if suit is commenced within 3 years from the date of payment, notwithstanding that the payment was not made under protest. [Emphasis added.]

Petitioner contends that it paid taxes on personal property that should have been exempt under MCL 211.9(1)(a). That statute provides, "The personal property of charitable, educational, and scientific institutions incorporated under the laws of this state" are "exempt from taxation," with exceptions not applicable here. MCL 211.9(1)(a). Accepting without deciding that petitioner could have claimed the exemption in MCL 211.9(1)(a) for tax years 2014-2016 (and therefore overpaid its taxes for those years), the question is whether petitioner's overpaid taxes were the result of a "mutual mistake of fact made by the assessing officer and the taxpayer" to warrant relief under MCL 211.53a.

Petitioner relies principally on *Ford Motor Co v City of Woodhaven*, 475 Mich 425; 716 NW2d 247 (2006) for its contention that it is entitled to a refund under MCL 211.53a. The petitioner in that case (Ford) had erroneously "double reported certain assets on its statements" that it filed with various taxing authorities. See *Ford*, 475 Mich at 430-431, 436-437. The question on appeal was whether this was a "mutual mistake of fact" thereby entitling Ford to relief under MCL 211.53a. Our Supreme Court held that a "mutual mistake of fact" under MCL 211.53a "mean[s] an erroneous belief, which is shared and relied on by both parties, about a material fact that affects the substance of the transaction." *Id*. at 442. The *Ford* Court concluded that there was a mistake of fact because Ford had overstated the amount of its taxable property, "including reporting the same property twice." *Id*. at 442-443. And the Court concluded that the mistake was mutual, explaining:

[I]f Ford believed that it owned certain personal property and reported it properly at the time, then Ford believed that each statement was accurate. Similarly, if each assessor believed that Ford's statement was accurate, then the assessor likewise believed Ford owned certain personal property and reported it properly. As such, the parties shared a mistaken belief about a material fact that went to the very nature of the transaction—that all the personal property Ford claimed in its personal property statements was taxable. And the parties relied on this shared, erroneous belief—respondents when they assessed the property, and Ford when it subsequently paid the excessive assessments. [*Id*. at 443.]

The *Ford* Court went on to explain that its conclusion was compelled by "the nature of personal property statements and the scheme set forth under the" General Property Tax Act (GPTA), MCL 211.1 *et seq*. *Id*. at 444. The Court pointed out that under the GPTA, an assessing officer was required to " 'ascertain the taxable property in his or her assessing district, the person to whom it should be assessed, and that person's residence.' " *Id*., quoting MCL 211.19(1). The *Ford* Court explained the import of this provision on its conclusion:

[T]he GPTA requires the assessor to ascertain what personal property is in his jurisdiction and assess it accordingly. In doing so, the assessor must exercise his best judgment and has many tools available to better fulfill his statutory

responsibility. And while the personal property statements greatly assist the assessor in carrying out that responsibility, the assessor is not bound by the taxpayer's personal property statement. So when an assessor simply relies on a taxpayer's personal property statement and subsequently calculates the assessment on the basis of this information alone—like in these cases—the assessor is effectively adopting the personal property statement as his own belief of what the taxpayer owns. In other words, under these circumstances, there is a mutual understanding of what property the taxpayer owns, and this mutual understanding goes to the very nature of the transaction—an accurate tax assessment. Therefore, the GPTA and the assessment process itself lead us to the inescapable conclusion that mutual mistakes of fact occurred in these cases. [*Ford*, 475 Mich at 446-447 (citations omitted.]

Petitioner also relies on *Eltel Assoc, LLC v City of Pontiac*, 278 Mich App 588; 752 NW2d 492 (2008). In that case, the petitioner bought land from the state of Michigan. *Id*. at 589. The deeds for the land were dated December 12, 2001, but the deeds were placed in escrow until January 24, 2002. *Id*. at 589-590. Yet the petitioner paid taxes on the land for 2002, even though "on December 31, 2001, the 'tax day' for the 2002 tax year," the petitioner did not legally own the land. *Id*. at 590. The parties disputed whether the mistake was one of law or one of fact. This Court explained that under a "rudimentary principle of law," the petitioner did not own the property on December 31, 2001, and therefore should not have been liable for the tax. *Id*. at 591. The *Eltel* Court, however, refused to classify this as a mistake of law, because the "mistake" was whether the petitioner "owned the land," which was a factual question. *Id*. at 591-592.

Two years after *Eltel* and four years after *Ford*, MCL 211.53a was before our Supreme Court again in *Briggs*. In that case, Detroit Public Schools (DPS) had imposed an unauthorized millage, which the petitioner paid. *Briggs*, 485 Mich at 72. The petitioner later filed a claim against DPS, arguing that it was entitled to a refund under MCL 211.53a because its payment of the unauthorized millage was a mutual mistake of fact. *Id*. at 72-73. Relying on *Ford*, this Court held that "the belief apparently held by both [the petitioner] and [DPS]—that [DPS was] authorized to issue, and [the petitioner] was obligated to pay, the disputed taxes in 2002, 2003, and 2004—constitutes a mutual mistake of fact." *Briggs Tax Serv, LLC v Detroit Pub Sch*, 282 Mich App 29, 39; 761 NW2d 816 (2008), rev'd by *Briggs*, 485 Mich 69. On appeal, our Supreme Court reversed, explaining, "Lest confusion exist in differentiating mistakes of fact and mistakes of law, Michigan courts have held on several occasions that an unauthorized tax levy constitutes a mistake of law." *Briggs*, 485 Mich at 81. The *Briggs* Court agreed with the reasoning from those earlier Michigan courts and held "that collection of an unauthorized tax constitutes a mistake of law, not a mistake of fact." *Id*. at 83.

None of these cases seem directly on point. Unlike in *Ford*, petitioner did not mistakenly believe that it owned X amount of property when, in reality, it owned Y amount; the amount of property that petitioner stated that it owned has never changed. Unlike in *Eltel*, there was never a question whether petitioner actually owned the property that it paid taxes on. And unlike in *Briggs*, 485 Mich at 83, there was not "a mistake about the validity of a tax"—the tax here was valid, but petitioner's property was eligible for exemption from the tax. On balance, however, we conclude that the mistake here was one of law.

-4-

The "mistake" was petitioner reporting its exempted personal property as nonexempt. There was no mistake about whether petitioner owned the property, like in *Eltel*, nor was there a mistake about the amount of property that petitioner owned, like in *Ford*. Rather, the mistake was, as phrased by the Tax Tribunal, petitioner's understanding of its property's "legal status." Whether property is exempt from taxation is, at its core, a legal question. One must read a statute—here, MCL 211.9(1)(a)—and determine whether the terms of that statute apply to certain property, thereby exempting the property from taxation. Petitioner failed to realize that the answer to whether MCL 211.9(1)(a) applied to its personal property—a legal question—was that the statute did, in fact, exempt its personal property from taxation. Petitioner's mistake about the application of the statute was not a mistake of fact, and therefore petitioner is not entitled to relief under MCL 211.53a.

We further conclude that the mistake here, if any, was not mutual. A panel of this Court recently confronted this identical issue, and it provided the following reasoning:

> In *Ford Motor Co*, our Supreme Court found mutuality where a tax assessor "simply relies on a taxpayer's personal property statement and subsequently calculates the assessment on the basis of that information alone" because the assessor in those cases has "effectively adopt[ed] the personal property statement as his own belief of what the taxpayer owns." *Id*. at 446. This finding was based on the assessor's "statutory responsibility" under the General Property Tax Act to "ascertain what personal property is in his jurisdiction and assess it accordingly." *Id*. By contrast, a taxpayer has the burden of showing entitlement to an exemption. *Power v Dep't of Treasury*, 301 Mich App 226, 233; 835 NW2d 622 (2013). In our judgment, the assessor for the Township did not possess an independent duty to determine what exemptions, if any, petitioner was entitled to in the absence of petitioner claiming those exemptions. Therefore the Township did not in any sense "adopt" the mistaken belief of petitioner. Rather, because petitioner did not assert its right to the exemption, the Township was not required to form any belief at all about whether the petitioner's personal property listed on its tax documents was exempt from taxation. [*Dorsey School of Business, Inc v Charter Township of Saginaw*, unpublished per curiam opinion of the Court of Appeals, issued March 19, 2019 (Docket No. 344414).]

While unpublished opinions are not binding, they may be considered persuasive authority. *Paris Meadows, LLC v City of Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010). We find the *Dorsey* panel's reasoning to be persuasive, and therefore conclude that there was no "mutual" mistake here for the reasons explained by the *Dorsey* panel.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien