WILLIAM COACH v. ALLEN C. ADSIT, CIRCUIT JUDGE OF KENT COUNTY.

*Equity pleading—Cross-bill—Default.*

1. A cross-bill proper may be taken as confessed, in which case the allegations of the bill are taken as true; citing 2 Barb. Ch. Pr. 135.

2. Chancery Rule No. 123 gives a defendant all of the benefits of a cross-bill upon an answer containing the proper averments and prayer, and was intended to supplant the practice of filing a formal cross-bill by a simpler method; citing *Hackley v. Mack,* 60 Mich. 591.

3. A replication to an answer by which the defendant claims the benefit of a cross-bill under Chancery Rule No. 123 puts the original case as made by bill and answer at issue, while those averments which are properly in the answer only as the basis of a cross-bill, under the rule, must be answered specifically, according to the usual practice.

*Mandamus.* Argued October 31, 1893. Granted November 24, 1893.

Relator applied for *mandamus* to compel respondent to vacate an order setting aside a default. The facts are stated in the opinion.

*Chadbourne & Rees* and *Fletcher & Wanty,* for relator.

*Wesselius, Corbitt & Ewing,* for respondent.

HOOKER, C. J. Defendant, having filed an answer in which he claimed the right to affirmative relief as though upon a cross-bill, entered the default of the complainant for his failure to file an answer to the new facts set up in defendant's answer upon which the claim to affirmative relief was asked, a replication in the usual form only having been filed. This default having been set aside upon motion, defendant asks a *mandamus* requiring the circuit judge to vacate his order, it being contended that the replication is not a sufficient denial of the matter set up in the answer.

Chancery Rule No. 123 was intended to supplant the practice of filing a formal cross-bill by a simpler method. To that end it was provided that a person might have all the benefits of a cross-bill upon an answer containing the proper averments and prayer. There is nothing in the rule that deprives the complainant of the right to answer (*Hackley v. Mack,* 60 Mich. 591); and we think it may also be said that there is nothing in the rule to deprive the defendant of the benefit of an answer, the same as though a cross-bill had been filed. The general replication, while technically a denial of the truth of the answer, is a formal paper, intended to complete an issue. But it cannot properly take the place of an answer. A cross-bill proper may be taken as confessed, in which case the allegations of such bill are taken as true. 2 Barb. Ch. Pr. 135. We think the same practice proper in case of an answer claiming the benefits of a cross-bill. In such case the replication puts the original case as made by bill and answer at issue, while those averments which are properly in the answer only as the basis of a cross-claim, under the rule, must be answered specifically, according to the usual practice. Complainant's default was therefore properly entered, and the order vacating the same, and striking the

papers on which said order *pro confesso* was based from the files, should be vacated. A writ of *mandamus* requiring this will issue, without costs.

It is not intended hereby to foreclose the right of the complainant to apply for, and the court to grant, an order setting aside the order *pro confesso* upon a proper showing, if such relief shall be within the proper discretion of the court.

The other Justices concurred.