ATKINSON *v.* SCHELL.

1. ADVERSE POSSESSION—RECOGNITION OF SUPERIOR TITLE.
   Having caused premises for which he paid the consideration
   to be conveyed to his sister, and having subsequently lived
   with her and secured her signature to a lease of the prem-
   ises running to a tenant, the deceased, who occupied and con-
   trolled the place, did not hold the same adversely to her
   rights.

2. EQUITY—PLEADING—ANSWER—PRAYER.
   Affirmative relief to a defendant whose answer prays only the
   dismissal of complainant's bill is unwarranted.

Appeal from Sanilac; Beach, J. Submitted April 15,
1910. (Docket No. 158.) Decided May 7, 1910.

Bill by Mary C. Atkinson against Augustine R. Schell
and others to set aside a deed. From a decree dismissing
the bill and quieting title in defendants, complainant ap-
peals. Modified and affirmed.

*Moore & Wilson*, for complainant.

*Wilford Macklem* and *William H. Burgess*, for de-
fendants.

Complainant and her brother, Frederick J. Fitzgerald,
are the sole heirs at law of one James M. Fitzgerald.
Frederick J. Fitzgerald has deeded his interest in the
lands in question to complainant. Defendants are, re-
spectively, nephew and nieces of said James M. Fitzger-
ald, being children of Catherine Schell, his sister. About
the year 1867, Fitzgerald settled in Sanilac county with
his wife and four children. In 1869, a divorce was had
between him and his wife, and in 1871 the wife took all
the children and went to California. Two of the children
later returned to Sanilac to live. Those two are now both
dead. It does not appear that the mother or either of the

other children ever returned to Michigan to live. Complainant paid two visits to her father, one 28 and one 18 years ago. After the removal of Fitzgerald's family to California, he made his home, in part, with his sister, Catherine Schell. For some years he taught school, principally in Huron county, and thus was away much of the time. On November 10, 1873, one Patrick Quinlan, then being the owner of the S. W. ¼ of the S. E. ¼, section 21, town 11 N., range 16 E. (the land here in question), executed a mortgage thereon for $516, running to Catherine Schell as mortgagee. Quinlan is still living, and testifies that he borrowed this money from Fitzgerald. On May 15, 1876, Quinlan, by warranty deed, conveyed the same description to Catherine Schell, being requested to do so by Fitzgerald, who told him that he (Fitzgerald) made his home with her, that she was very good to him, and he wanted to remember her. On February 4, 1879, Quinlin executed a quitclaim deed to Fitzgerald of 240 acres, and included in the description is the 40 acres in question. Upon this particular 40 acres there appears to have been buildings, and Fitzgerald seems to have spent much of his time there, retaining a couple of rooms in the house when it was occupied by a tenant. The farm was reputed to be his, and it is not disputed that he exercised full dominion over it, and paid the taxes upon it from about the time it was deeded to his sister. In 1901, Fitzgerald executed a lease of 120 acres to a Mrs. Carpenter, in which was included the 40 acres in dispute. After a consultation with his sister, he caused her also to execute the lease.

Complainant filed her bill of complaint against defendant, praying that the deed given by Quinlan to Catherine Schell be set aside and declared void. Defendants answered, denying the equities of the bill, and praying for its dismissal, but asked for no affirmative relief. The court below entered a decree dismissing the bill of complaint, and further decreeing that the quitclaim deed from Quinlan to Fitzgerald, dated February 4, 1879, be set aside, vacated, and declared null and void as against

defendants, their heirs and assigns, so far as it affects the title to the land in question, and, further, that the said defendants are the owners of the land and premises above described in fee simple by a title perfect as against the complainant in this suit. From this decree complainant appeals.

BROOKE, J. (*after stating the facts*). We are quite satisfied, after a careful reading of the entire record, that Fitzgerald's occupancy of the farm in question, and his exercise of dominion thereover, was in recognition of and not adverse to the title in his sister, Mrs. Schell. He had caused the deed to be made to her in the first instance, after having the mortgage run in her name, because he wanted to provide for her, and the record shows he thereafter expressed satisfaction by reason of having made this provision. His relations with her during his long life appear to have been more than usually intimate, due, no doubt, to the fact that he had no other family ties, and she was his nearest relative in Sanilac county. In making the lease to Mrs. Carpenter, he caused her to execute it as well as himself. This act indicates a distinct recognition of Mrs. Schell's title so late as 1901. The decree dismissing the bill of complaint was therefore properly entered.

We are of opinion, however, that that part of the decree granting affirmative relief to the defendants is not warranted by an answer praying only the dismissal of the bill of complaint, and not for affirmative relief, either specifically or generally. *Schwarz* v. *Sears*, Walk. Ch. 170; *Andrews* v. *Kibbee*, 12 Mich. 94 (83 Am. Dec. 766); *Hackley* v. *Mack*, 60 Mich. 591 (27 N. W. 871); *McGuire* v. *Van Buren Circuit Judge*, 69 Mich. 593 (37 N. W. 568); *Coach* v. *Kent Circuit Judge*, 97 Mich. 563 (56 N. W. 937); *Griffin* v. *Griffin*, 118 Mich. 446 (76 N. W. 974); Chancery Rule No. 11.

The decree will be modified accordingly, with costs to the appellant.

OSTRANDER, HOOKER, MOORE, and MCALVAY, JJ., concurred.