GIBSON *v.* DYMON.

1. DEEDS—PURPOSE OF DELIVERY.

   The whole object of the delivery of a deed is to indicate an intent upon the part of the grantor to give effect to the instrument.

2. SAME—PRESUMPTION OF DELIVERY—INTENT.

   Any act presumptively a delivery of a deed will not be a delivery if the intent to make it such is wanting.

3. SAME—RECORDING—PRESUMPTION OF DELIVERY.

   Recording of a deed raises a presumption of delivery.

4. EVIDENCE—PRESUMPTIONS—BURDEN OF PROOF.

   A presumption of fact is but a rule of procedure used to supply the want of facts and its only effect is to cast the burden on the opposite party of going forward with the proof.

5. SAME—PRESUMPTIONS NEVER OBTAIN AGAINST POSITIVE PROOF.

   Presumptions of fact never obtain against positive proof and are introduced only to supply the want of real facts.

6. DEEDS—RECORDING—DELIVERY.

   Fact that deed was placed on record does not establish delivery of it, especially where recording is without the grantees' knowledge or consent.

7. SAME—ACCEPTANCE BY GRANTEE ESSENTIAL TO OPERATION.

   It is essential to the legal operation of a deed that the grantee assents to receive it.

8. SAME — VENDOR AND PURCHASER — RECORDING — ACCEPTANCE BY GRANTEES.

   In suit by land contract purchasers to set aside a deed from their vendor to her daughters, deed *held*, invalid as against plaintiffs where it was a voluntary conveyance and was recorded by grantor but not accepted by grantees.

9. SAME—WILLS—INTEREST IN LAND CONVEYED—ACCEPTANCE.

   An essential difference between a deed and a will is that the former conveys a present interest in land while the latter becomes effective only on the death of the testator and no delivery or acceptance of the instrument or its benefits by the beneficiaries thereunder during testator's lifetime is essential to its validity.

10. APPEAL AND ERROR—CHANCERY CASES HEARD DE NOVO.
     Chancery cases are heard *de novo* in the Supreme Court.

11. DEEDS—WILLS—EVIDENCE.
     Under undisputed proof in suit to set aside a deed by plaintiffs'
       vendor to her daughters and have it declared a will, plaintiffs
       *held*, entitled to have instrument declared invalid as a deed but
       validity as a will is not passed upon.

Appeal from Allegan; Miles (Fred T.), J. Submitted June 17, 1937. (Docket No. 33, Calendar No. 39,499.) Decided September 1, 1937.

Bill by Everett L. Gibson and wife against Elizabeth Dymon, Anna Solomon, Emma Brown, and Ella Mapes to set aside a deed, to compel a conveyance and for other relief. From decree for plaintiffs, defendants Solomon, Brown, and Mapes appeal. Affirmed.

*Wilkes & Stone,* for plaintiffs.

*Fred A. Mills (Harry C. Howard,* of counsel), for defendants Solomon, Brown and Mapes.

POTTER, J. Plaintiffs filed a bill in equity to set aside an instrument, in form a deed, recorded in the office of the register of deeds of Allegan county. From a decree for plaintiffs, defendants Anna Solomon, Emma Brown, and Ella Mapes appeal.

Elizabeth Dymon was the owner of the lands in question situated in the city of Otsego, Michigan, described in the bill of complaint. February 4, 1935, she sold them on land contract for $1,200. This contract has been paid down so there is due upon it approximately $175. Plaintiffs, desiring to secure a deed of the premises, offered to pay the $175 and demanded an abstract of the property, from which

it appeared that May 2, 1927, Elizabeth Dymon had executed a deed of the premises to her daughters, which deed was of record. This bill was filed to set aside that deed and to compel the daughters, if they claimed under it, to quitclaim their interests to plaintiffs upon the payment of the balance of purchase price. Defendants answered and denied plaintiffs were entitled to any relief. Elizabeth Dymon, the grantor in the deed in question, did not contest the right of plaintiffs to a decree.

The deed purports to be made upon consideration of $1, conveys the property in question, and reserves to Elizabeth Dymon the absolute use and control of the premises during the term of her natural life.

Mrs. Solomon says Mrs. Dymon went to Judge Killifer and told him she wanted a will. Mr. Solomon says Mrs. Dymon wanted full control of her property during her lifetime, to sell or anything. Mrs. Dymon says she asked Mr. Killifer for a will. She says "I asked for a will, you see, my brother before he died, he told me to get what you call a trust will, I got it. * * * I wanted to do something about my property, that is what I went for, to make a will, but they say I wanted a solid one." Mrs. Dymon says she wanted a solid will so that the three girls were to have the property after she got through with it, and Judge Killifer said he would fix it so it would make it solid. No consideration was paid by the grantees for the deed. It was a purely voluntary conveyance if it was intentionally made as a deed. Mrs. Dymon wanted a will, she asked for a will and her subsequent conduct indicates she thought she had made a will.

The deed in question was not delivered by Mrs. Dymon, though it was placed on record by Mr. Killifer with her consent because Mr. Killifer said

it was necessary it be recorded to make it solid. The whole object of the delivery of a deed is to indicate an intent upon the part of the grantor to give effect to the instrument. *Thatcher* v. *Wardens and Vestrymen of St. Andrew's Church,* 37 Mich. 264. Any act presumptively a delivery will not be a delivery if the intent to make it such is wanting. *Stevens* v. *Castel,* 63 Mich. 111. Though the recording of a deed raises a presumption of delivery, *Sessions* v. *Sherwood,* 78 Mich. 234; *Sprunger* v. *Ensley,* 211 Mich. 103, yet a presumption is but a rule of procedure used to supply the want of facts. Its only effect is to cast the burden on the opposite party of going forward with the proof. *Baker* v. *Delano,* 191 Mich. 204; *Thompson* v. *Southern Michigan Transportation Co.,* 261 Mich. 440. Presumptions of fact never obtain against positive proof and are introduced only to supply the want of real facts. *Hill* v. *Chambers,* 30 Mich. 422; *Thompson* v. *Southern Michigan Transportation Co., supra.*

It is true the deed in question was placed on record. But that fact of itself does not establish the delivery of the instrument. If a grantor without the knowledge or assent of the grantee places a deed on record, that will not constitute a delivery for the reason the grantee has not assented to receive the deed, and it is well settled that it is essential to the legal operation of a deed that the grantee assents to receive it. Without acceptance on behalf of the grantee, there can be no delivery. *Meade* v. *Robinson,* 234 Mich. 322; *Truitt* v. *City of Battle Creek,* 208 Mich. 618. There was no such delivery and acceptance of the instrument in question as under the facts of this case was necessary to constitute a delivery, and no such acceptance by the grantees as is necessary to validate the deed.

There is an essential difference between a deed and a will. *Moody* v. *Macomber,* 159 Mich. 657 (134 Am. St. Rep. 755). A deed conveys a present interest in land. It must be delivered and accepted. A will becomes effective only on the death of the testator, and no delivery and acceptance of the instrument or its benefits by the beneficiaries thereunder during the testator's lifetime is essential to its validity. *Taft* v. *Taft,* 59 Mich. 185 (60 Am. Rep. 291); *Culy* v. *Upham,* 135 Mich. 131 (106 Am. St. Rep. 388); *Felt* v. *Felt,* 155 Mich. 237; *Cooper* v. *Cooper,* 162 Mich. 304; *Loomis* v. *Loomis,* 178 Mich. 221; *Reed* v. *Brown,* 184 Mich. 515; *Pollock* v. *McCarty,* 198 Mich. 66.

Chancery cases are here heard *de novo.* The bill asks the deed be set aside and declared to be a will. Under the undisputed proof, we think the grantor in the deed in question desired and intended to make a will, that she believed and relied upon the fact that she had done so, but that her intention was not carried into effect. We rest decision upon the invalidity of the deed and do not pass upon the validity of the instrument in question as a will. The trial court arrived at a correct conclusion.

Plaintiffs are entitled to the relief prayed, with costs against appellants.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.