BLODGETT *v.* SNOBBLE.

1. DEEDS—DELIVERY—TITLE.
   Delivery of a deed is essential to pass title.

2. SAME—DELIVERY—PRESENT INTEREST.
   To constitute a valid delivery, there must have been a conveyance of a present interest in the land.

3. SAME—PURPOSE OF DELIVERY—INTENT.
   The whole object of the delivery of a deed is to indicate an intent upon the part of the grantor to give effect to the instrument.

4. SAME—DELIVERY—INTENT.
   The act of delivery of a deed is not necessarily a transfer of the possession of the instrument to the grantee and an acceptance by him but it is that act of the grantor, indicated either by acts or words or both, which shows an intention on his part to perfect the transaction, by a surrender of the instrument to the grantee, or to some third person for his use and benefit.

5. SAME—PRESUMPTION OF DELIVERY—INTENT.
   Any act presumptively a delivery of a deed will not ·be a delivery if the intent to make it such is wanting.

6. SAME—RECORDING—PRESUMPTION OF DELIVERY.
   Recording of a deed raises a presumption of delivery.

7. EVIDENCE—PRESUMPTIONS—BURDEN OF PROOF.
   A presumption of fact is but a rule of procedure used to supply the want of facts and its only effect is to cast the burden on the opposite party of going forward with the proof.

8. SAME—PRESUMPTIONS NEVER OBTAIN AGAINST POSITIVE PROOF.
   Presumptions of fact never obtain against positive proof and are introduced only to supply the want of real facts.

9. DEEDS—DELIVERY—ACCEPTANCE—EVIDENCE.
   Evidence showing grantor to have recorded deeds transferring title to another and from that other to a third person and herself jointly with right of survivorship expressed and to have sent a power of attorney to such third person, who signed it, established delivery to, and acceptance by, such third person.

10. SAME—PARTIES WHO MAY QUESTION CONSIDERATION.
> Parties who are strangers to a conveyance and not creditors of the grantor may not raise question as to absence of consideration for the conveyance.

11. VENDOR AND PURCHASER—ESTOPPEL—JOINT TENANCY WITH RIGHT OF SURVIVORSHIP.
> Plaintiffs who purchased real estate on land contract but failed to obtain signatures as grantor of all parties in interest in joint tenancy with right of survivorship expressed may not claim that parties who did not sign were estopped from asserting an interest where assertion thereof was less than a month after plaintiffs' purchase of the property.

Appeal from Kent; Verdier (Leonard D.), J. Submitted June 11, 1940. (Docket No. 77, Calendar No. 41,190.) Decided December 10, 1940.

Bill by Tom Blodgett and wife against Emma Snobble and William S. Snobble to quiet title to real estate. Decree for defendants. Plaintiffs appeal. Affirmed.

*Fred P. Geib* and *Clem H. Block,* for plaintiffs.

*Glocheski & Glocheski,* for defendants.

SHARPE, J. This is a bill to quiet title to two parcels of land. The material facts are not in dispute. Prior to July 18, 1938, Priscilla Snobble was the owner of two parcels of land in Grand Rapids. On the above date she went to the office of the register of deeds in Ionia county, where she was living, and there had four deeds drawn. Two deeds were from herself to Herbert L. Smith, an employee of the above office, and one from Herbert L. Smith to Priscilla Snobble and William S. Snobble "as joint tenants with full rights to the survivor," and the other was from Smith to Priscilla Snobble and Emma Snobble. The deed to Priscilla and

Emma Snobble is not involved in this appeal. Two days later Priscilla Snobble recorded the deeds. They were returned to her and retained by her until a short time prior to the trial in the instant case.

On July 27, 1938, William S. Snobble signed a power of attorney running to Roy W. Douglas to sell and convey this property. This power of attorney came into the possession of Priscilla Snobble. Priscilla Snobble continued to collect the rents from the property and on July 18, 1939, she accepted a written offer of plaintiffs to purchase the parcel of land in question for $1,200 with a down payment of $100 and the balance to be paid monthly. At the time the land contract was entered into, Priscilla Snobble signed the contract for herself and as attorney in fact for William S. Snobble. It did not develop until a later date that the power of attorney did not run to Priscilla Snobble. Plaintiffs made the required down payment, began to collect the rent and expended some money in making repairs to the property. On August 15, 1939, William S. Snobble notified the tenants to discontinue paying rents to plaintiffs, who thereupon brought suit to restrain William S. Snobble from interfering with their right to enjoy the use and occupancy of the property and to have the title decreed to plaintiffs.

The trial court after hearing the evidence entered a decree dismissing plaintiffs' bill of complaint and held that there had been a valid delivery and acceptance of the deed of July 18, 1938.

Plaintiffs appeal and contend that Priscilla Snobble never intended to pass title to this property during her lifetime; that the instrument was not intended to operate as a deed; that there never was valid delivery of the deed to William S. Snobble; that there was no consideration paid Priscilla Snobble for the deed; and that if William S. Snobble

ever owned any interest in the property he is estopped to allege ownership in the parcel now.

The principal question in this case is whether Priscilla Snobble intended the deed of July 18, 1938, to create in herself and defendant William S. Snobble a joint tenancy.

It is conceded that the above deed was never manually delivered to William S. Snobble. Delivery of a deed is essential to pass title. *Noakes* v. *Noakes,* 290 Mich. 231. "To constitute a valid delivery, there must have been a conveyance of a present interest in the land." *Camp* v. *Guaranty Trust Co.,* 262 Mich. 223; *Pollock* v. *McCarty,* 198 Mich. 66. The whole object of the delivery of a deed is to indicate an intent upon the part of the grantor to give effect to the instrument. *Noakes* v. *Noakes, supra; Gibson* v. *Dymon,* 281 Mich. 137; *Hynes* v. *Halstead,* 282 Mich. 627, and cases cited therein.

"The act of delivery is not necessarily a transfer of the possession of the instrument to the grantee and an acceptance by him, but it is that act of the grantor, indicated either by acts or words or both, which shows an intention on his part to perfect the transaction, by a surrender of the instrument to the grantee, or to some third person for his use and benefit." *Thatcher* v. *Wardens and Vestrymen of St. Andrew's Church of Ann Arbor,* 37 Mich. 264, 269, quoted in *Tighe* v. *Davis,* 283 Mich. 244, 248.

This case falls within the rule stated in *Gibson* v. *Dymon, supra,* where the court said:

"Any act presumptively a delivery will not be a delivery if the intent to make it such is wanting. *Stevens* v. *Castel,* 63 Mich. 111. Though the recording of a deed raises a presumption of delivery, *Sessions* v. *Sherwood,* 78 Mich. 234; *Sprunger* v. *Ensley,* 211 Mich. 103, yet a presumption is but a rule of

procedure used to supply the want of facts. Its only effect is to cast the burden on the opposite party of going forward with the proof. *Baker* v. *Delano,* 191 Mich. 204; *Thompson* v. *Southern Michigan Transportation Co.,* 261 Mich. 440. Presumptions of fact never obtain against positive proof and are introduced only to supply the want of real facts. *Hill* v. *Chambers,* 30 Mich. 422; *Thompson* v. *Southern Michigan Transportation Co., supra.*"

The testimony of Priscilla Snobble is in harmony with the presumption of delivery by recording. She testified as follows:

"*Q.* Do you remember having some powers of attorney made out so if you wanted to sell the property you could sign their names to the papers?

"*A.* They both told me I could. That would give me back the property, you know.

"*Q.* Fix it so you could sell it at any time you wanted to?

"*A.* The boy said any time I could have my property back, any time. * * *

"*Q.* You told Mr. Douglas how you wanted the property fixed; that is the man that made these papers out, the deeds?

"*A.* I wanted it to one and the other.

"*Q.* And you told Mr. Douglas just how you wanted it?

"*A.* Yes.

"*Q.* As far as you know, Mr. Douglas did just exactly as you directed him?

"*A.* Why, I suppose he did. Of course, I asked him."

The testimony of Priscilla Snobble as to her intent to create a joint tenancy is fortified by the testimony of Vannie Brown who testified as follows:

"She told me what to put in and I put in just what she said. * * *

"*Q.*  Now, did you explain to Mrs. Snobble what a joint deed was, Miss Brown, with the right of survivorship?

"*A.*  We didn't explain to her.  She explained to us what she wanted; we had no right to—

"*Q.*  In other words, she asked you that William Snobble and Emma Snobble hold this property jointly with her as joint owners?

"*A.*  Yes.

"*Q.*  That is why you prepared these deeds in this manner?

"*A.*  It is."

In our opinion the above evidence indicates an intention to create a joint tenancy with right of survivorship expressed in the making of the deeds. The recording of the deeds and the sending of a power of attorney to William S. Snobble and his signing of the same establishes an intent to pass title as well as an acceptance of such title.  The trial court was right in finding as a fact that there had been a delivery and acceptance of the deed.

It is urged that there was no consideration for the above conveyance.  This question cannot be raised by plaintiffs who are strangers to the original transaction and not creditors of Priscilla Snobble.

Nor are we impressed with the claim of estoppel. Plaintiffs purchased the property on land contract July 19, 1939, and less than a month afterwards their tenants were notified by defendant not to pay rent to plaintiffs.  The time which elapsed from the time plaintiffs purchased on a land contract until the notice was given by defendant of his rights in their premises is too short to bring to life the doctrine of estoppel.  Moreover, when plaintiffs purchased the property on land contract they were charged with the knowledge that defendant had an interest in the property.  Their failure to secure the signatures of

all necessary parties as grantors in the land contract is fatal to their claim for relief.

The decree of the circuit court is affirmed, with costs to defendant.

BUSHNELL, C. J., and CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.