HOOKER v. TUCKER.

1. DEEDS—EXECUTION OF INSTRUMENTS—DELIVERY.
    A conveyance of a presently existing interest in land requires proper execution of a written instrument coupled with delivery thereof to the grantee.

2. SAME—DELIVERY—INTENT.
    Any act, presumptively a delivery, will not be a delivery, if the intent to make it such is wanting.

REFERENCES FOR POINTS IN HEADNOTES
[1, 12] 16 Am Jur, Deeds § 111.
[2] 16 Am Jur, Deeds § 115.
[3] 16 Am Jur, Deeds §§ 135, 136.
[4–6] 20 Am Jur, Evidence §§ 157–166.
[4–6] Presumption as evidence. 95 ALR 878.
    Presumption in favor of plaintiff as evidence and its effect on burden of proof. 114 ALR 1226.
[7–11] 16 Am Jur, Deeds §§ 126, 127.
[13] 3 Am Jur, Appeal and Error § 823.

3. SAME—RECORDING—PRESUMPTION OF DELIVERY.

The recording of a deed raises a presumption of delivery.

4. EVIDENCE—FUNCTION OF A PRESUMPTION.

A presumption is but a rule of procedure used to supply the want of facts.

5. SAME—PRESUMPTIONS—BURDEN OF PROOF.

The only effect of a presumption is to cast the burden on the opposite party of going forward with the proof.

6. SAME—PRESUMPTIONS—POSITIVE PROOF.

Presumptions of fact never obtain against positive proof.

7. DEEDS—DELIVERY—EVIDENCE—RECORDING—INTENT.

Conveyance of a present interest in land which was executed by the grantor but not delivered by her directly to the grantee *held,* not effective as a conveyance, where undisputed evidence shows she left such deed with attorney who drew a will for her for purpose of transcribing description and thereafter continued to exercise supervision over the property and mentioned such property in subsequently prepared wills and although the grantor gave him no instructions to deliver the deed to the grantee it was delivered to the grantee who had it recorded without notifying the grantor, since there was no evidence of intent to deliver the instrument.

8. SAME—DEFINITION OF DELIVERY.

The act of delivery is not necessarily a transfer of the possession of the instrument to the grantee and an acceptance by him, but it is that act of the grantor, indicated either by acts or words or both, which shows an intention on his part to perfect the transaction, by a surrender of the instrument to the grantee, or to some third person for his use and benefit.

9. SAME—DELIVERY—INTENT.

A delivery of a deed to a third person does not authorize a presumption that the delivery was made with the intention of passing the title, as the facts and circumstances attending the transaction must be such as to show that the grantor intended that the deed should be delivered by the custodian to the grantee.

10. SAME—DELIVERY TO GRANTOR'S AGENT.

Mere delivery of a deed to one acting exclusively as the grantor's agent is ineffectual to transfer title to the grantee.

11. SAME—ATTORNEY—TRANSCRIPTION OF DESCRIPTION.

It is assumed that attorney who received deed in the normal

course of an attorney-client relationship had it for purpose of transcribing the description, the purpose for which he received it, and for no other purpose, in the absence of proof to the contrary.

12. APPEAL AND ERROR—QUESTIONS REVIEWABLE—DEEDS—WILLS.

It is unnecessary to determine whether instrument in question was a deed or will, where if the former, the proofs show there never was a valid delivery, and if the latter, it has been superseded by subsequently executed wills.

13. SAME—QUESTIONS REVIEWABLE—DEEDS—CONSIDERATION.

It is unnecessary to determine whether or not consideration passed for execution of a deed, where instrument lacks validity as a conveyance because of lack of delivery.

Appeal from Gratiot; Cash (Paul R.), J. Submitted October 8, 1952. (Docket No. 26, Calendar No. 45,567.) Decided January 5, 1953.

Bill by Rachel Hooker against William E. Tucker and others to have a decree that deed was valid. William E. Tucker, administrator of the estate of Minnie E. Tucker, deceased, intervened. Cross bill by William E. Tucker, as administrator of the estate of Minnie E. Tucker, deceased, to have same deed declared null and void and for damages. Decree for plaintiff. Intervenor appeals. Reversed and decree entered for defendants.

*Fehling & Green,* for plaintiff.

*H. Donald Bruce,* for intervenor.

ADAMS, J. This is an appeal from a decree of the circuit court in chancery of Gratiot county. The court had been asked to make a declaration of rights established by a written instrument dated October 5, 1948, controversy having existed as between the parties to this action based upon claimed rights under the provisions of the contract.

In 1948, Minnie E. Tucker, mother of defendant William E. Tucker, owned a substantial interest in lands in Gratiot county, Michigan. William E. Tucker and Rachel Hooker, plaintiff herein, were then husband and wife and the parents of 4 children. In September of that year William E. Tucker and Rachel Hooker were divorced. On October 5, 1948, a few days after the divorce, Minnie E. Tucker went to the office of an attorney in Carson City and executed an instrument identified in the record as exhibit A. This instrument purported to convey an interest in Gratiot county lands to Rachel Hooker but contained reservations and limitations related to the death of the grantor.

After this instrument was executed, it was retained by Minnie E. Tucker until October 15, 1948, when she with Rachel Hooker went to the office of another attorney in Ithaca, Michigan, for the purpose of having her will drawn. Sometime during the conference and while the will was being drafted, she handed the instrument to the attorney who used it in obtaining a description of lands to be inserted in the will. The lands described in exhibit A and the lands described in the will drawn that day are not identical but more than one parcel appears in each instrument. The will was then deposited in the probate court of Gratiot county. In 1949, Mrs. Hooker married her present husband. On January 10, 1950, Minnie E. Tucker executed a second will. This will likewise included by general description some of the real estate described in exhibit A.

On September 26, 1950, the attorney in Ithaca who drew the will of October 15, 1948, mailed to Rachel Hooker the contents of one of his files accumulated during the period while he had represented Rachel Hooker in the divorce proceedings, those proceedings having been then concluded. With the papers he included exhibit A which had remained

in his office from October 15, 1948. Shortly after Mrs. Hooker received the instrument, she recorded it in the office of the register of deeds. Mrs. Minnie Tucker died on July 28, 1951. William E. Tucker was appointed administrator of her estate and inventoried the premises described in exhibit A as assets of that estate.

This action was commenced in January of 1952 and, after trial, a decree was entered by the court determining exhibit A to be a valid deed under the provisions of which Rachel Hooker was entitled to a life estate, ordering an accounting of all income from the property, appointing a receiver for the property and requiring defendant William E. Tucker to pay to the plaintiff her share of the income from the property shown by the accounting. In the event of refusal to repay income to which she was entitled it was decreed that she should have a lien upon the interest of William E. Tucker in the property. From that decree defendant William E. Tucker, individually and as administrator of the estate of Minnie E. Tucker, appeals.

Plaintiff's claim to an interest in the property in North Shade township, Gratiot county, can be sustained only upon a finding that the instrument known as exhibit A is a valid conveyance of a presently existing interest therein. Such a conveyance requires the proper execution of a written instrument coupled with delivery to the grantee. No question is raised as to the execution of the instrument and we are here concerned only with the question of whether or not a delivery actually took place.

Much is said in the briefs of counsel as to presumption and burden of proof. We pass upon those questions by brief reference to accepted and long-standing decisions of this Court.

"Any act, presumptively a delivery, will not be a delivery, if the intent to make it such is wanting." *Stevens* v. *Castel*, 63 Mich 111, 117.

Though the recording of a deed raises a presumption of delivery (*Sessions* v. *Sherwood*, 78 Mich 234; *Sprunger* v. *Ensley*, 211 Mich 103), yet a presumption is but a rule of procedure used to supply the want of facts. Its only effect is to cast the burden on the opposite party of going forward with the proof. *Baker* v. *Delano*, 191 Mich 204; *Thompson* v. *Southern Michigan Transportation Co.*, 261 Mich 440. Presumptions of fact never obtain against positive proof and are introduced only to supply the want of real facts. *Hill* v. *Chambers*, 30 Mich 422; *Gibson* v. *Dymon*, 281 Mich 137.

Regardless of whether the burden of proof in this instance was upon the person claiming under the instrument or upon the person seeking to set it aside, the fact remains that the undisputed testimony discloses all of the facts upon which plaintiff bases her claim that delivery took place and upon which defendants claim that delivery was not established.

Most pertinent to the question of delivery is the testimony of the attorney who drew the Minnie E. Tucker will of October 15, 1948, and who held exhibit A in his possession from that time until September 26, 1950, when it was mailed to the plaintiff. He is quoted as follows:

"*Q.* Now did Minnie Tucker pay for this will, for its execution?

"*A.* I would say so, yes.

"*Q.* Did she give you any instructions regarding this will?

"*A.* I don't recollect. If she did they were carried out.

"*Q.* Did she expressly authorize you to deliver this deed?

"*A.* Who to, Rachel Tucker? I can't recall whether she did or not.

"*Q.* Did Minnie Tucker give you any written instructions?

"*A.* No.

"*Q.* To deliver that deed?

"*A.* Not that I recall. I sent it to Rachel Tucker when I closed the Rachel Tucker file. It was sent along with other deeds and decrees in the case.

"*Q.* * * * Did you use this deed and some of the ideas and provisions in it as a basis for drafting this will?

"*A.* As near as I can recollect I might have used the description only."

Further examination of the record shows that it is an undisputed fact that the grantor made no direct delivery of the instrument to the grantee, that the grantor continued to exercise supervision and control over the property until the time of her death in 1951, that she received no notice of delivery or recording of the deed and that the property described in exhibit A, or at least a portion of it, was mentioned in both her will of October 5, 1948, and her subsequent will of January 10, 1950, as property she then owned.

" 'The act of delivery is not necessarily a transfer of the possession of the instrument to the grantee and an acceptance by him, but it is that act of the grantor, indicated either by acts or words or both, which shows an intention on his part to perfect the transaction, by a surrender of the instrument to the grantee, or to some third person for his use and benefit.' *Thatcher* v. *Wardens and Vestrymen of St. Andrew's Church of Ann Arbor,* 37 Mich 264." *Blodgett* v. *Snobble,* 295 Mich 374.

"The whole object of the delivery of a deed is to indicate an intent upon the part of the grantor

to give effect to the instrument. *Noakes* v. *Noakes,* 290 Mich 231; *Gibson* v. *Dymon,* 281 Mich 137; *Hynes* v. *Halstead,* 282 Mich 627, and cases cited therein." *Blodgett* v. *Snobble, supra.*

"A delivery to a third person does not authorize a presumption that it is done with the intention of passing the title. The facts and circumstances attending the transaction must be such as to show that the grantor intended that the deed should be delivered by the custodian to the grantee. Every such case must be determined by the intention of the grantor." *Trask* v. *Trask,* 90 Iowa 318 (57 NW 841, 48 Am St Rep 446), as quoted with approval in *Thomas* v. *Sullivan,* 138 Mich 265.

"As a general rule, the delivery of a deed to a third person must be for, and on behalf of, the grantee in order to constitute a delivery to the latter, and a delivery to one acting exclusively as the grantor's agent is ineffectual to transfer title to the grantee.

"It follows that to constitute a delivery to the grantee, there must be either expressed or implied instructions authorizing the depositary to make such delivery." 26 CJS, p 242.

We find nothing in the present record indicating any intention on the part of Minnie E. Tucker to deliver exhibit A to Rachel Hooker. The attorney for Mrs. Tucker admitted that he used the instrument for the purpose of obtaining descriptions to be used in making a will. He could recall no instructions with reference to its future disposition. In the absence of any proof to the contrary it must be assumed that he received the deed in the normal course of an attorney-client relationship for the specific purpose of transcribing the description and for no other purpose.

Further indication of Mrs. Tucker's lack of intention to deliver the instrument is clearly shown by

her statement in the 2 subsequent wills that she was the owner of the real estate and in a position to make a testamentary disposition thereof. From the record in this case we find that there was no delivery of the instrument dated October 5, 1948.

Having found that there was no delivery of the instrument and, in consequence thereof, no valid conveyance of the real estate, it becomes unnecessary to determine whether or not the instrument was a deed or a will; for if it was testamentary in nature, then it was made ineffective by the last will and testament of Minnie E. Tucker dated January 10, 1950. Because we have found the instrument to be invalid as a conveyance for lack of delivery, it is equally unnecessary to determine whether or not consideration passed for its execution.

The decree of the trial court is reversed and decree for the defendants will be entered in this Court in accordance with this opinion, costs to the appellants.

DETHMERS, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.