*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CATHERINE A. BRAUN,

Plaintiff-Appellant,

v

WILLIAM M. FISHBECK, BETTY JO FISHBECK,
HARRIET FISHBECK, a person now deceased, and
FRED MURRAY FISHBECK, a person now
deceased,

Defendants-Appellees.

UNPUBLISHED
September 15, 2022

No. 358012
Washtenaw Circuit Court
LC No. 20-000017-CH

Before: M. J. KELLY, P.J., and CAMERON and HOOD, JJ.

PER CURIAM.

In September 1993, the Washtenaw County probate court entered an order resolving a dispute between plaintiff, Catherine A. Braun, and defendants, William and Betty Fishbeck, over the disposition of property located in Washtenaw County. In 1996, this Court affirmed the probate's order in an unpublished opinion. *In re Harriet Fishbeck Trust*, unpublished per curiam opinion of the Court of Appeals, issued April 5, 1996 (Docket No. 170708), pp 1-3. Subsequently, in 2019, Catherine conducted a title search and decided that the interests in the property had not been properly recorded. In January 2020, she filed an action for quiet title and declaratory judgment in the circuit court, asking that the court to enter an order modifying the property's title to be consistent with the 1993 judgment. In response, defendants filed a motion for summary disposition, which the trial court granted. Catherine appeals that order by right. For the reasons stated in this opinion, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. BASIC FACTS

Catherine and William are siblings. Betty is William's wife. Defendant-appellees, Harriet and Murray Fishbeck, are Catherine and William's deceased parents. The property at issue is a family farm located in Washtenaw County. Prior to 1980, the property was deeded to William, Harriet, and Murray as joint tenants. However, when Murray was diagnosed with terminal cancer

-1-

in 1980, the joint tenancy was severed. New deeds were prepared that transferred the property to William, Harriet, and Murray as tenants in common. A lawyer for the family drafted a will for William and wills and revocable trusts for Harriet and Murray. As explained in this Court's prior opinion:

> Under the trust agreements prepared for Murray and Harriet, the surviving spouse was to have a power of appointment over a portion of the trust corpus of the deceased spouse. Upon the deaths of Murray and Harriet, [William] would receive outright one-half of the total trust estate and the remaining one-half would be held in trust for his lifetime. Upon [William's] death, the farm would pass by [William's] will to Catherine and her three sons. [*In re Harriet Fishbeck Trust*, unpub op at 2.]

Murray died in February 1981, and his "one-third undivided interest in the farm" was placed into his trust, over which Harriet had power of appointment. *Id*.

William married Betty in 1983, and they had two children. Thereafter, between November 1986 and February 1987, Catherine drove her mother to the lawyer's office twice, and she paid for the consultation so that William would not learn of it. During those meetings, Harriet executed a new will that indicated Catherine would receive Harriet's one-third interest in the farm, Murray's one-half interest in some farm equipment, and cash. Harriet apparently told Catherine that the new will was to "make things fair," and she directed Catherine to not tell William about the new will. Harriet died in May 1990.

In July 1990, Catherine filed a petition to have Harriet's new will admitted into probate. She then filed a petition in probate to determine William's interest in the farm and in Harriet's personal property. William filed a claim in the trust estate and a petition alleging that his mother's new will breached a 1956 oral agreement between him and his parents and he alleged that Harriet and Catherine's actions had breached the confidentiality and fiduciary requirements of the relevant trusts. The 1993 judgment was entered following a jury trial on William and Catherine's petitions. The probate court ruled:

> The court accepts [William's] argument that he has proved by clear and convincing evidence the existence of the oral agreement. The court further orders the agreement to be specifically enforced. The agreement is that [William] is to receive the farm and all that it entails during his lifetime or until the farm is sold. He is entitled to the exclusive use of the property during that time. At the time of his death or the sale of the property, the property will be divided equally between [William], if he is living, or [William's] children (or those persons named in [William's] will to receive the property) and Catherine's children (or those persons named in Catherine's will). . . . [William] is to prepare for filing with the Washtenaw County Register of Deeds office a document containing the legal description of the farm setting forth the interest of Catherine's family pursuant to this opinion.

William moved for a new trial and Catherine filed a motion to clarify the 1993 judgment. The court denied William's motion and entered an order clarifying its judgment. As it relates to the disposition of the real property, the court ordered:

> [T]he one-third undivided interest in a certain parcel of real estate situated in the Township of Superior, Washtenaw County, Michigan, described in a certain Quit Claim Deed executed by Harriet Fishbeck, as grantor, to Harriet Fishbeck, as Trustee under Agreement dated February 13, 1981, and recorded in Liber 1791, at pages 720-721, Washtenaw County Records, is hereby conveyed and assigned to William [Bill] M. Fishbeck, a married man, free and clear of any right, title, claim or interest of Catherine A. Braun and subject to the terms of the judgment of this court entered in September 1, 1993.

> [T]he one-third undivided interest in a certain parcel situated in the Township of Superior, Washtenaw County, Michigan, described in a certain Quit Claim Deeds executed by Fred Murray Fishbeck a/k/a Fred M. Fishbeck, and Harriet Fishbeck, his wife, as to her dower interest only, as grantor, to Fred M. Fishbeck a/k/a Fred Murray Fishbeck, as Trustee under Agreement dated February 13, 1981, said deed being executed February 13, 1981, and recorded in Liber 1791, at pages 722-723, Washtenaw County Records, is hereby conveyed and assigned to William [Bill] M. Fishbeck, a married man, free and clear of any right, title, claim or interest of Catherine A. Braun and subject to the terms of the judgment of this court entered on September 1, 1993.

> \* \* \*

> IT IS FURTHER ORDERED that a certified copy of this Order may be recorded with the Washtenaw County Register of Deeds office once the period for appellate review has expired.

As noted above, this Court affirmed the probate court's decision. *In re Harriet Fishbeck Trust*, unpub op at 1. Then, in 2020, having determined that the title did not accurately reflect the disposition stated in this 1993 judgment and order clarifying the judgment, Catherine filed the present action. In response, William sought summary disposition under MCR 2.116(I)(2).

On April 13, 2021, the trial court entered its dispositive order denying Catherine's motion and granting defendants' motion to dismiss. The court held, in relevant part, that the property at issue is currently held as tenants in common, with William, Harriet's Trust, and Murray's Trust each receiving 1/3 interest as tenants in common. As a result, William's 1/3 interest was not subject to transfer under the proposed deeds. The trial court ordered the deeds to be recorded by defendants as follows:

> i. Deed from William [Bill] M. Fishbeck and Catherine A. Braun as current trustees of the Fred M. Fishbeck Trust (the "proposed F. Fishbeck Trust Deed") conveys the one third interest held by the Fred M. Fishbeck Trust to William [Bill] M. Fishbeck. . . .

ii. Deed from William [Bill] M. Fishbeck and Catherine A. Braun (the "Proposed H. Fishbeck Trust Deed") as current trustees of the Harriet Fishbeck Trust conveys the one third interest held by the Harriet Fishbeck Trust to William [Bill] M. Fishbeck . . . .

iii. Deed from William [Bill] M. Fishbeck ("1/3, 1/3 Life Estate Deed")— conveys undivided one-third (1/3) tenant in common interest to trustee of William [Bill] M. Fishbeck Trust and one-third (1/3) tenant in common interest to Ken Judkins and Rich Judkins following William [Bill] M. Fishbeck's life estate in the property. The 1/3, 1/3 Life Estate Deed retains a life estate with power to convey to William [Bill] M. Fishbeck pursuant to Land Title Standard 9.3 and states a covenant that any sale is subject to retained interest for Ken Judkins and Rick Judkins . . . .

Catherine's motion for reconsideration was denied by the trial court. This appeal follows.

## II. SUMMARY DISPOSITION

Catherine argues that the court's dismissal order is inconsistent with the 1993 judgment and clarifying order. She contends that under the 1993 judgment and clarifying order she had the power of appointment over ½ of the entire property, but that under the trial court's order of dismissal, she only has the power of appointment over 1/2 of 2/3 of the property. Catherine interprets the 1993 judgment as unambiguously stating her heirs would have a 50% interest in the entire property when William dies or when it is sold. Catherine asserts the 1993 judgment does not state that her heirs were limited to 1/2 interest in 2/3 of the property. We disagree.

The property was conveyed to William, Harriet, and Murray as tenants in common in 1981, each receiving an equal and undivided 1/3 interest in the property. A tenancy in common exists "[w]hen two or more hold possession of lands or tenements at the same time, by several and distinct titles." *Fenton v Miller*, 94 Mich 204, 214; 53 NW 957 (1892) (quotation marks and citation omitted). "A right of survivorship, which means that a surviving tenant takes ownership of the whole estate upon the death of the other joint tenant, does not exist in tenancies in common." *Schaaf v Forbes*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 343630); slip op at 7.

Catherine and defendants cite the opening paragraph of this Court's prior opinion, which stated: "This case centers around disposition of the Fishbeck family farm ('the farm'), and other certain property included in the trust estate of Harriet Fishbeck." *In re Harriet Fishbeck Estate*, unpub op at 1. Catherine's argument is that this Court should focus on the word "farm," which Catherine takes to mean the whole property, while defendants argue the previous litigation only included the property within Harriet's trust estate. Catherine also points to language in a 1994 appeal to this Court, in which William argued the probate court erred when it determined there was a second contract which amended the initial oral agreement in 1956.

Yet, while both parties urge this Court to scrutinize the language of documents dating back nearly 50 years, the resolution of this issue rests on the simple premise in property law that a cotenant may only convey their own interest in property. See *Pellow v Arctic Min Co*, 164 Mich

87, 92; 128 NW 918 (1910) ("A cotenant may sell and convey the whole or any aliquot part of his undivided interest in the whole property . . . ."). In order for a valid conveyance to take place, there must be a "presently existing interest." *Hooker v Tucker*, 335 Mich 429, 433; 56 NW2d 246 (1953). At the time of their deaths—Murray's in 1981, and Harriet's in 1990—William already owned 1/3 of the property. Indeed, the interest was conveyed to him on February 13, 1981, with the creation of the tenancy in common. Thus, Catherine can only have access to 1/2 of 2/3 of the property, because Harriet and Murray's trusts could not include the 1/3 owned by William. As a result, the trial court did not err when it granted the order to dismiss—which required that three deeds be recorded—because the ruling was consistent with the valid and enforceable 1993 judgment and 1993 order.

Catherine also argues the trial court erred when it granted affirmative relief to defendants when defendants merely asked for dismissal under MCR 2.116(C)(7). We disagree.

Affirmative relief is defined as: "The relief sought by a defendant by raising a counterclaim or cross-claim that could have been maintained independently of the plaintiff's action." *Black's Law Dictionary* (11th ed). Catherine supports her argument that affirmative relief should not have been granted by citing *Atkinson v Schell*, 161 Mich 380, 382; 126 NW 443 (1910) (finding "the part of the decree granting affirmative relief to the defendants is not warranted by an answer praying only for dismissal of the bill of complaint, and not for affirmative relief") and *Jefferson Park Land Co v Pascoe*, 246 Mich 96, 108; 224 NW 420 (1929) (trial court's grant of specific performance was not justified where the parties had not asked for any affirmative relief).

Catherine argues the order of dismissal and deeds entered by the trial court fundamentally change the title to the property. In response, defendants argue that because the trial court's dismissal order is consistent with the 1993 judgment and 1993 order, it merely serves to enforce the outcome of the prior litigation and is consistent with Catherine's original requested relief to record the deeds. Indeed, in her 2020 complaint, Catherine asked for a judgment in recordable form so that defendants may record the property interest with the Washtenaw County Register of Deeds. Catherine received judgment in recordable form. And, as we explained above, the judgment is consistent with the 1993 judgment and clarifying order. Therefore, because no affirmative relief was given by the trial court to defendants, Catherine's argument lacks merit.

Nevertheless, there is one error in the court's order of dismissal that requires correction. Catherine points out that the trial court named only two of her children in the proposed deeds as future interest holders in the property. That was in error. This Court has defined power of appointment as

 . . ."a power created or reserved by a person having property subject to his disposition which enables the donee of the power to designate, within any limits that may be prescribed, the transferees of the property or the shares or the interests in which it shall be received . . ." MCL 556.112(c). The donor is the person who creates the power of appointment and the donee is the recipient of the power. MCL 556.112(d), (e). Hence, when a donor grants a donee power of appointment over certain specified property, the donee gains the right to specify who will receive the property. [*In re Estate of Reisman*, 266 Mich App 522, 527-528; 702 NW2d 658 (2005).]

-5-

"[A] donor may place conditions upon the exercise of an appointment, which must be complied with in order to effectively exercise the power." *Id*. at 528.

Catherine was given power of appointment; the only dispute is regarding how much of the property Catherine may grant to her heirs after William's life estate ends. The 1993 judgment expressly grants power of appointment to Catherine to leave a 1/2 interest to either her children or "those persons named in Catherine's will." Thus, when the trial court gave the future interest in the property to Catherine's named sons it contradicted the language of the 1993 order. On remand the trial court shall require that the deeds entered properly reflect the full scope of Catherine's power of appointment.

## III.  CONCLUSION

William received 1/3 of the property as a tenant in common with his parents in 1981. His 1/3 interest was not subject to the 1993 judgment and clarifying order. Instead, the property at issue in that dispute was the 2/3 interest in the farm that was held, respectively, by his parents and/or their trusts. As a result, the reference to 1/2 of the property in the earlier litigation could only refer to the 2/3 of the property that was subject to that litigation. The court's order of dismissal, therefore, properly limited Catherine's power of appointment to 1/2 of the 2/3 of the property that belonged to her parents and/or their trusts. The court did not grant unrequested affirmative relief to defendants when it entered an order that was consistent with the 1993 judgment and clarifying order. However, because it inappropriately limited Catherine's power of appointment we reverse that part of the court's order and remand for an order indicating that Catherine's power of appointment is limited to either her children or the individuals named in her will.

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction. Neither party having prevailed in full, no taxable costs are awarded. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Thomas C. Cameron
/s/ Noah P. Hood

-6-